FILED
SUPERIOR COURT
OF GUAM

2018 JAN 10 PM 3: 36

CLERK OF COURT

BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| | DOMESTIC CASE NO. DM 0371-16 |
| RICARDO J.M. BLAS | |
|     Plaintiff/Counterclaim-Defendant, | |
| v. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| VANNOLENE L.P. VILLANUEVA, | |
|     Defendant/Counterclaim-Plaintiff | |

**INTRODUCTION**

This matter came before the Honorable Arthur R. Barcinas on the 12th day of July, 2017, for a bench trial. Attorney Daniel Somerfleck represented the Plaintiff, and Attorney Robert Cruz represented the Defendant.

After considering the filings and evidence at trial, the Court now issues the following Findings of Fact and Conclusions of Law.

**BACKGROUND**

The parties are not married to each other and never have been. They have one minor child together, J.R.B. (DOB: 02/22/2008). The parties separated in 2010 and have alternated custody of J.R.B. since the separation. On July 15, 2016, the Plaintiff filed a Verified Complaint for Child Custody and Support, seeking *pendente lite* full legal and physical custody of J.R.B. with reasonable visitation to the Defendant, as well as child support to be established pursuant to the Guam Child Support Guidelines. The Defendant filed an Answer and Counterclaim on August 18, 2016.

On July 12, 2017, the Court held a bench trial. The trial concluded on September 12, 2017 and the Court took this matter under advisement.

## FINDINGS OF FACT

By a preponderance of the evidence, the Court FINDS:

1. The parties were never married, and their relationship ended in 2010.

2. The parties have one minor child together, J.R.B., female (DOB: 02/22/2008).

3. The parties have alternated custody of J.R.B. since her birth, with several modifications to the custody arrangement.

4. Defendant is employed at the nightclub Icon and works Thursday, Friday, and Saturday nights. She is taking classes at Guam Community College in order to obtain a high school diploma.

5. Defendant resides with her significant other, Dimitri Hill, and her five children (including J.R.B.). Mr. Hill is not currently employed, but is also taking classes at Guam Community College in order to obtain a high school diploma.

6. Plaintiff is currently employed at Cabras Marine.

7. Plaintiff currently resides with his fiancé Bernadita Benton and their three daughters together.

8. Defendant does not receive child support payments from Plaintiff.

9. On July 15, 2016, the Plaintiff filed a Verified Complaint for Child Custody and Support, seeking *pendente lite* full legal and physical custody of J.R.B. with reasonable visitation to the Defendant, as well as child support to be established pursuant to the Guam Child Support Guidelines.

10. On July 15, 2016, Plaintiff filed an *Ex Parte* Motion for Order to Show Cause Re: *Pendente Lite* Custody Orders and Memorandum of Points and Authorities.

11. On July 15, 2016, Plaintiff filed a Declaration in which he described J.R.B.'s custody history and current situation.

12. On July 20, 2016, the Court denied Plaintiff's *Ex Parte* Motion, concluding that no exigency existed to warrant treatment of the *ex parte* motion on an *ex parte* basis.

13. On August 16, 2016, pursuant to Plaintiff's Motion, the Court granted Plaintiff temporary sole legal and physical custody of J.R.B. until the date of the hearing on Plaintiff's *ex parte* Motion. Defendant was also restrained from transferring J.R.B. from her home school of Ordot-Chalan Pago.

14. On August 18, 2016, Defendant filed her Answer to Verified Complaint for Custody and Counterclaim for Custody.

15. On August 19, 2016, an Order to Show Cause and Evidentiary Hearing took place. An Order after Hearing *Pendente Lite* was issued on August 25, 2016 which granted primary physical custody to Defendant *pendente lite*. The Order also allowed Defendant to transfer J.R.B. to Adacao Elementary School in Mangilao.

16. On July 12, 2017, the Court held a bench trial. The trial concluded on September 12, 2017, and the matter was taken under advisement.

## CONCLUSIONS OF LAW

1. "The primary consideration when determining custody is the best interests of the children." Lanser v. Lanser, 2003 Guam 14 ¶ 16.

2. Any custody award shall be subject to modification or change whenever the best interests of the children require or justify such modification or change. 19 GCA § 8404(f) (2005).

3. Once a court finds that a change in custody is necessary, the sole issue before the court is "determining the best interests of the children, not the children and their mother, and not the children and their father." Lanser v. Lanser, 2003 Guam 14 ¶ 16.

4. It is legislative policy that children spend as much time with each of their parents as possible, when the parents are not living together, subject to the condition that this must be in the best interests of the children. See 19 GCA § 8404(h)(1) (2005).

5. Under Guam law, there is a preference for both joint legal and joint physical custody arrangements, but the preference for joint custody is always secondary to the best interests of the children. E.g. Howerton v. Howerton, 2004 Guam 8 ¶ 14.

6.  Reasonable visitation rights shall be awarded to parents, grandparents, and to any other person interested in the welfare of the children in the discretion of the court, unless it is shown that such rights of visitation are detrimental to the best interests of the children. 19 GCA § 8404(g) (2005).

7.  In determining visitation rights, the court shall take into account the employment of each parent and may take into account other factors respecting visitation which would affect the welfare of the minor child or children. See 19 GCA § 8404(h)(6)-(7) (2005).

8.  The best interests of the minor child are to be in the physical custody of one or both of their parents and not to unnecessarily be in the physical custody of third parties.

9.  The best interests of J.R.B. are to be in joint legal custody of both parties and the primary physical custody of the Plaintiff, with liberal visitation to the Defendant.

10. The best interests of J.R.B. are for parties to alternate physical custody on a weekly basis during the summer.

11. It is in the best interests of J.R.B. for her to return to school at Ordot-Chalan Pago Elementary.

12. It is in the best interests of J.R.B. for the parties to alternate physical custody on holidays and family occasions, or in any way mutually agreed upon by the parties.

13. It is in the best interests of J.R.B. to be allowed, during visitation, reasonable telephonic or videoconferencing visitation with the non-present parent, with the details to be negotiated by the parties.

14. It is in the best interests of J.R.B. for child support to be established pursuant to the Guam Child Support Guidelines for the support and maintenance of the minor child.

## CONCLUSION

The Court ORDERS that minor child J.R.B. shall be in the joint legal custody of both parties and the primary physical custody of the Plaintiff.

The Court ORDERS that Defendant shall have visitation with J.R.B. every weekend from Friday at 6:00 P.M. to Sunday at 6:00 P.M.; Defendant is responsible for pick-up and drop-off at Plaintiff's residence, or other visitation mutually agreed upon by the parties.

The Court ORDERS that, during the summer, each party shall have physical custody of J.R.B. on an alternating weekly basis, beginning on Sunday at 6:00 P.M. and ending the following Sunday at 6:00 P.M. The receiving parent shall pick up J.R.B. from the other parent's residence or location mutually agreed by the parties.

The Court ORDERS that J.R.B. return to school at Ordot-Chalan Pago Elementary.

The Court ORDERS that holiday events and family occasions special to the parties shall be divided equally each year.

The Court ORDERS that child support be established pursuant to the Guam Child Support Guidelines for the support and maintenance of the minor child. The Court refers the matter of establishing child support to the Child Support Referee.

The Court ORDERS that when each party has physical custody of the minor child, that party shall provide the other party with reasonable telephonic or videoconferencing visitation with J.R.B., with the details to be negotiated by the parties.

The Court ORDERS that the parties shall co-operate and negotiate in good faith to resolve any disputes arising out of the custody arrangement.

The parties are admonished to conduct themselves at all times in such a manner as to insulate J.R.B. and the other children from any friction between the parties, to avoid alienation of the children's affection for each parent, and to consider each other in arranging visitation. Visitation periods may be adjusted by mutual agreement of the parties.

SO ORDERED JAN 1 0 2018 _____.



**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**